IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00282-BNB

RAMON ORTIZ SALGADO,

      Applicant,

v.

MR. POLK, Warden, S.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

      Applicant, Ramon Ortiz Salgado, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the correctional facility in Sterling, Colorado. On February 1, 2013, Applicant, acting *pro se*, initiated this action by filing a Letter with the Court.  Magistrate Judge Boyd N. Boland reviewed the Letter, determined that Applicant was challenging the validity of his state conviction, and directed Applicant to submit his claims on a Court-approved from used in filing a 28 U.S.C. § 2254 action. Magistrate Judge Boland further instructed Applicant either to pay the $5.00 filing fee or to submit a motion requesting leave to proceed pursuant to 28 U.S.C. § 1915.  Applicant complied with the order by paying the $5.00 fee and submitting his claims on a proper Court-approved form.

      The Court must construe the Application liberally because Applicant is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act as

an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, the Court will dismiss the instant action.

After review of *Ortiz-Salgado v. Watkins, et al.*, No. 01-cv-00012-WYD (D. Colo.

Jan. 8, 2002), *appeal dismissed*, No. 02-1044 (10th Cir. June 25, 2002), the Court finds

Applicant filed a prior § 2254 action that challenged the same state criminal conviction

as this action.  Case No. 01-cv-00012-WYD was dismissed on the merits with prejudice.

Therefore, the instant § 2254 action is a second or successive motion and will be

dismissed for the following reasons.

Pursuant to 28 U.S.C. § 2244(b)(3), Applicant must obtain an order from the

United States Court of Appeals for the Tenth Circuit authorizing this Court to consider a

second or successive § 2254 action.  *See Case v. Hatch*, No. 11-2094, 2013 WL

675175, at *8 (10th Cir. Feb. 26, 2013) (under the two-step "gate-keeping" mechanism

the court of appeals must review a successive habeas and then authorize a review by a

district court if necessary).  In the absence of such authorization, this Court lacks

jurisdiction to consider the merits of the claims asserted in a second or successive

§ 2254 action.  *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

The Court must either dismiss the § 2254 action for lack of jurisdiction or, if it is in

the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C.

§ 1631.  *Id.* at 1252.  The factors for considering whether a transfer is in the interest of

justice include:

> whether the claims would be time barred if filed anew in the
> proper forum, whether the claims alleged are likely to have
> merit, and whether the claims were filed in good faith or if, on

2

the other hand, it was clear at the time of filing that the court
lacked the requisite jurisdiction.

*Id.* at 1251.

In the Application, under Section "F. Timeliness of Application," Applicant wrote

"newly discovered evidence."  Nothing Applicant asserts in the twenty-four claims,

however, supports this conclusory statement.  All of Applicant's claims could have been

discovered at the time of the criminal proceeding.  Applicant, therefore, fails to

demonstrate that the claims are based on newly discovered evidence.  Also, Applicant

does not contend that his claims are based on a new rule of constitutional law, or were

untimely due to a state caused impediment.  *See* 28 U.S.C. § 2244(d).  It is clear that

when this action was filed the Court lacked jurisdiction and the claims were not

presented to this Court in good faith.  Also, timeliness is not at issue and it is not clear

that the claims are likely to have merit.  A transfer of this action to the Tenth Circuit is

not in the interest of justice.  The Application, therefore, will be denied for lack of

jurisdiction.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be

denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Applicant files a notice of appeal he must pay the full $455 appellate filing fee

or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for

the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254, ECF No. 5, is denied for lack of jurisdiction, and the action is

dismissed.  It is

FURTHER ORDERED that no certificate of appealability shall issue because

Applicant has not made a substantial showing that jurists of reason would find it

debatable whether the procedural ruling is correct and whether the underlying claim has

constitutional merit.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.

DATED at Denver, Colorado, this __18th__ day of ____March_____, 2013.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

4